UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KRISTI KRAUS, individually, ) | Case No.: 2:04-cv-01096-RLH-LRL |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion for Attorneys' Fees–#73) |
| ) | |
| CLARK COUNTY, a Nevada political ) | |
| subdivision, ) | |
| ) | |
| Defendants. ) | |

     Before the Court is Defendant Clark County's **Motion for Attorneys' Fees** (#73), filed November 27, 2006.  The Court has also considered Plaintiff Kristi Krause's Opposition (#74), filed December 3, 2006, and Defendant's Reply (#77), filed December 18, 2006.

     Plaintiff filed a complaint against Defendant for the following causes of action: (1) gender discrimination in violation of Title VII; (2) religious discrimination in violation of Title VII; (3) claim for discrimination under the ADA in violation of Title VII; (4) hostile work environment; (5) violation of 42 U.S.C. § 1983; (6) negligent supervision; and (7) intentional infliction of emotional distress.  Plaintiff's allegations arose from her employment as an Investigator for the Clark County Public Defender's office.

1

AO 72
(Rev. 8/82)

This Court granted partial summary judgment in favor of Defendant as to Plaintiff's religious, disability, and § 1983 claims. (Dkt. #25.) The remaining claims were tried to a jury, which returned a verdict in favor of Defendant. As the prevailing party, Defendant now moves the Court for an award of attorneys' fees.

At the discretion of the Court, a prevailing party in a Title VII action may be awarded reasonable attorneys' fees as part of its costs. 42 U.S.C. § 1988(b). In the case of a defense victory, a defendant may recover only where the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999). A plaintiff's loss at trial is not, in itself, a sufficient basis for the assessment of fees, *Hughes v. Rowe*, 449 U.S. 5, 14 (1980), and attorneys' fees should only be granted to a prevailing defendant in exceptional circumstances. *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

Here, the Court finds that, despite her loss at trial, Plaintiff's lawsuit was not "frivolous, unreasonable, or without foundation." *Christianburg*, 434 U.S. at 421. It survived both summary judgment and directed verdict. At trial, the Court noted that this case was one of credibility for the jury to decide. Further, Defendant has failed to name any "exceptional circumstances" to warrant an award of attorneys' fees in this case. *Barry*, 902 F.2d at 773.

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion for Attorney's Fees (#73) is DENIED.

Dated: January 9, 2007.

_____
ROGER L. HUNT
United States District Judge